UNION BANK OF TENNESSEE *v.* EDWARD LOCKETT.

Where parties extend credit or discount bills of exchange on the faith of a letter of credit, general in its terms, the parties giving the letter of credit are responsible for the amount advanced on the faith of such letter of credit and in accordance with its terms.

APPEAL from the Fourth District Court of New Orleans, *Price, J. Clarke & Bayne,* for appellant.   *Foute & Clinch,* for appellee.

LABAUVE, J. The plaintiff claims of the defendant $2,070 90, with interest and costs, upon a letter of credit and two bills of exchange, of the following tenor, respectively :

"SAVANNAH, August, 5th, 1857.

"Mr. John A. Campbell is hereby authorized to draw upon us for fifteen thousand ($15,000) dollars, in such sums as may suit his convenience, at from thirty to sixty days's date.

"His bills will be duly honored and paid at maturity.

Respectfully,

(Signed)      LOCKETT & SNELLINGS."

"$1,070 90.           CHATTANOOGA, Dec. 4th, 1857.

"Sixty days after date, pay to the order of Chandler & Co. one thousand and seventy dollars and ninety cents, value received, which place to the account of         (Signed)    JOHN A. CAMPBELL.

"To Lockett & Snellings, Savannah, Ga."

"$1,000.          CHATTANOOGA, TENN., Dec. 5th, 1857.

"Sixty days after date, pay to the order of myself, at Marine Bank, Savannah, one thousand dollars, value received, and the same to account of          (Signed)     JOHN A. CAMPBELL.

"To Lockett & Snellings, Savannah, Geo."

The defendant answered by a general denial. He denies particularly that any bills were drawn or negotiated, as alleged; and further denies

that, as plaintiff well knew, any letter of credit was ever furnished to be used as alleged by plaintiff.

The District Court gave judgment for plaintiff, and the defendant appealed.

Both bills of exchange were duly presented to the drawees, and protested for non-acceptance and non-payment.

Plaintiff contends that the drawer was duly authorized to draw upon the said Lockett & Snellings, and that said bills of exchange were taken and negotiated upon the faith and guarranty of said letter of credit, and that said defendant, being one of the writers of said letter of credit, is bound to pay said drafts.

It seems to us that this case turns entirely on a question of fact. Was John A. Campbell credited upon the faith of that letter of credit ? The affirmative answer makes the defendant liable, and the negative dicharges him. It is clear that this letter of credit was written with the intention to be produced to third parties, who might be willing to advance money, or give credit to said John A. Campbell.

In the case of *Nesbitt* v. *Galbraith*, 3 An. 690, the letter of credit was as follows :

" NEW ORLEANS, May 8th, 1847.

" *W. A. Whitaker, Esq.*, St. Louis, Mo :

" Sir : You are hereby authorized to value upon the amount of five thousand dollars, in your bills upon us, at from twenty days to four months' date, in sums to suit your convenience, and the same will be accepted by us and paid at maturity.

Your obedient servants,<br>(Signed)      GALBRAITH & GREENFIELD."

The only difference between the two letters of credit is, that the above is addressed to the party in whose favor it was drawn, and the one in this case seems to have been intended as a document to be exhibited to any one who might have had business with John A. Campbell.

In that case this Court said :

" If the letter be, as we feel satisfied it is, a document intended to be exhibited to third parties, and induce them to take Whitaker's bills, then the promise which the letter contains is, by intendment of law, a promise to any body taking a bill on the faith of the letter; and the advance of his money, which the party makes on the inducement and faith of the letter, is a sufficient consideration; damages to the promisee constituting as good a consideration as benefit to the promisor."

Galbraith & Greenfield, the writers of the letter of credit, were accordingly held liable to pay a bill of exchange, drawn by W. A. Whitaker in favor of and taken by W. Nesbitt & Co., on the faith of the letter of credit. See the case of *Russel* v. *Wiggin*, 2 Story, 214.

The letter of credit sued upon was produced and offered on the trial

below by plaintiff, raising a fair presumption that it was delivered and acted on the faith thereof, at the time of the transaction. Besides, Richard B. Campbell testified that he was teller in the bank; that he did not know, of his own knowledge, the contents of the letter of credit referred to ; but it was upon the grounds of his having (alluding to John A. Campbell) a letter of credit that the bank discounted his bills ; that he heard the parties talk of having a letter from Messrs. Lockett & Snellings, but no distinct recollection of having seen one.

The possession by plaintiff of the letter of credit, and the testimony of Richard B. Campbell, satisfy us that the plaintiff took the bills of exchange upon the faith of the letter of credit.

In other respects the case has been clearly made out. We are of opinion that our learned brother of the District Court decided this case correctly, and that this judgment must be affirmed.

It is therefore ordered and decreed, that the judgment appealed from be affirmed, at the costs of the appellant.